May 28, 2015

83,353-01

Court Of Criminal Appeals Of Texas
Attention: Abel Acosta, Clerk Of The Court
P.O. Box 12308 Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2015

Abel Acosta, Clerk

Re: Ex Parte Ronnie Boyd Barnett TDCJ # 1258683
    Writ No. 17,499-A

Dear Honorable Clerk Of The Court,

    Please Find Enclosed The Applicant's Reply To The State's Original Answer And The Applicant's Notification From The State That The "Clerk's Record" Has Been Forwarded To This Court

    The Applicant's Original Application For Writ Of Habeas Corpus Was Filed With The Office Of The District Clerk For Polk County, Texas On April 16, 2015. He Received The State's Original Answer And Proposed Findings Of Fact And Conclusions Of Law On May 4, 2015 Via Legal Mail From The Office Of The District Attorney For Polk County, Texas.

    The Applicant Was Anticipating A 30 Day Period Of Time In Which To Respond To The Original Answer As Well As The State's Proposed Findings Of Fact.

    As You Can See From The Corespondance The Applicant Received On May 27, 2015 Via Legal Mail From The Office Of The Polk County District Clerk, On May 18, 2015 The Clerk's Record Was Forwarded To The Court Of Criminal Appeals.

    Because The Applicant Has Never Received A Court Ordered Findings Of Fact And Conclusions Of Law, The Applicant Reasonably Assumes There Are No Such Findings Or Conclusions, And That This Court Will Proceed On The Original Application.

    The Applicant Prays The Honorable Court To Confirm To The Applicant That The Original Application, According To Previous Corespondance Dated April 16, 2015, The District Clerk Indicated That If No Order Had Been Entered, The Petition Would Be Forwarded

To The Court Of Criminal Appeals For Their Consideration On May 21, 2015.

The Applicant Further Prays The Honorable Clerk Will Confirm That The Original Application Contains All Pages In The Prescribed Form According To Texas Code Of Criminal Procedure Article 11.07 §3 (17 Pages) As Well As The Applicant's "Memorandum Of Law, Facts And Authorities" (13 Of 13 Pages), Plus "Exhibits A Thru G."

The Applicant Understands The Court Is Not Required To Confirm What They Have Or Have Not Received From A Submitting Court And Asks Only To Be Certain The Honorable Court Has Been Provided All That The Applicant Has Submitted So The Court Has Sufficient Information To Make Their Informed And Just Decision Including Preventing Undue Anxiety Caused By The Applicant's Concern That Procedural Steps May Not Have Been Correctly Followed Since He Was Not Afforded The Proper Time To Respond To The State's Original Answer.

The Applicant Respectfully Thanks The Clerk Of The Court In Advance For Any Reply The Clerk Might Give The Applicant As He Looks Forward To A Possible Swift Response.

With Best Regards,
Ronnie Boyd Barnett #1258683
Diboll Correctional Center
1604 South First St.
Diboll, Texas 75941



# KATHY CLIFTON
## POLK COUNTY DISTRICT CLERK

POLK COUNTY JUDICIAL CENTER
LIVINGSTON, TEXAS 77351-3233

OFFICE (936) 327-6814
FAX (936) 327-6851

May 18, 2015

RONNIE BOYD BARNETT TDCJ# 1258683
DIBOLL CORRECTIONAL CENTER
1604 SOUTH 1ST STREET
DIBOLL, TX. 75941

RE:    RONNIE BOYD BARNETT TDCJ# 1258683
       CASE 17,499-A WRIT OF HABEAS CORPUS

Dear Mr. Barnett:

_____ Upon receipt of proper fees, or a Pauper's Affidavit, the copies you requested will be prepared and mailed. At $1.00 per page, (Govt. Code 51.318), the cost will be $ _____.

_____ Contact the Court Reporter listed below to request a copy of the Reporter's Record and fees.

_____ Your Petition for Writ of Habeas Corpus has been received and filed. Article 11.07 of the Texas Code of Criminal Procedures affords the State 15 days to answer. After the 15 days, the Court has 20 days in which it may order a hearing. If no order has been entered 35 days from the above filing date, petition will be forwarded to the Court of Criminal Appeals for their consideration.

_____ The following instrument has been filed in the above listed case: _____

_____

__X__ This date, May 18, 2015, the **Clerk's Record** has been forwarded to the Court of Criminal appeals.

                              Sincerely,

                              KATHY E. CLIFTON, DISTRICT CLERK
                              POLK COUNTY, TEXAS

cc:    Honorable Kaycee L. Jones
       411th Judicial District Judge

       C.M. Allen
       Assistant Criminal District Attorney
       Polk County, Texas

       101 W. MILL STREET, SUITE 216

Writ No. 17,499-A

Ex Parte

In The 411th Judicial District
Court Of

Ronnie Boyd Barnett

Polk County, Texas

## Applicant's Reply To State's Original Answer

In Section II Of The State's Original Answer, (Page 2), The First Sentence Will Reveal The State's Intentention To Avoid Addressing The Issues The Applicant Brings To The Honorable Court And Erroneously Label The Applicant's Many Genuine Issues Of Material Fact As Only One Issue He Has Asked The Court To Address Which, According To The State Is: "The Applicant Claims That He Received Ineffective Assistance Of Counsel On Direct Appeal."

While This Is A Very True As Well As Accurate Statement, The Court Only Has To Look To Page 7 Of The Original Application, Which The State Cites, To Find This Assertation Of Fact, Not Allegation As The State Claims, Is Only In Addition To The Numerous Constitutional Claims, Violations Of Due Process And Due Course Of Law Claims, Violations Grounded In Statutory Law Provided By The Texas Rules Of Appellate Procedure, Texas Code Of Criminal Procedure, The Texas Penal Code, Standards For Appellate Conduct, And The State Makes No Attempt To Address Any Of These Legitimate Claims Made By The Applicant In His Original Application For Writ Of Habeas Corpus.

In Fact, The Claims Of Violations Of The State Bar's Disciplinary Rules For Professional Conduct, Of Which

The Texas Supreme Court States Are To Be Regarded As Statutory In Nature, Is The Very Last Claim Made By The Applicant, Yet The ONLY Claim Addressed In The State's Original Answer.

The State's Answer Goes On To State: "The Applicant Does Not Assert That There Were Additional Issues Appellate Counsel Should Have Raised, But Did Not, That Would Have Resulted In His Conviction Being Overturned." The Applicant Never Knew What The Original Issues Were, Or How They Were Presented.

The Applicant Will Respectfully Pose This Question To The Honorable Court: "Could A Fair Minded Jurist Reasonably Conclude That If An Appellate Attorney, Intentionally Or Not, Withheld Her Appellate Brief, Withheld The State's Brief In Reply, Withheld The Appellate Court's Decision, Never Communicated In Any Way With Her Client, Other Than To Tell Him "That Is The End Of The Line For Appeals In Texas," That Because There Had Been NO Consultation Concerning Facts Of The Case, NO Consultation Concerning Relevant Procedural Process, NO Consultation Concerning Facts Related To Pre-Trial Incarceration, NO Consultation Concerning Facts Related To Conduct Of Law Enforcement, NO Consultation Concerning Facts At Trial, Conduct Of Defense Counsel Or The Conduct Of The Court, NO Consultation Concerning Post Trial Procedures Or Post Conviction Remedies, That The Applicant Was Not Privileged Nor In A Position To Know What His Right And Claims Were Or Are, And That The ONLY Issue That Is Clear Is That He Has Been Deprived Of His Right To A Fair And Meaningful

Appeal Of Right?"

The Applicant's Claims Are Not Allegations According To The State, But Are Sufficiently Substantiated Facts That Are Firmly Grounded In The Record, And Because The State Refuses To Acknowledge The Claims Clearly Cited In The Original Application For Writ Of Habeas Corpus Is A Sound Indication The State Cannot Contravene These Facts, Hence The Reason They Were Not Addressed.

The Statement Found On Page 2 Of The Original Answer: "The Applicant Has Failed To State A Sufficient Claim That Would Entitle Him To Relief, Therefore The Applicant's Ground For Relief Should Be Denied."

It Is The State's Meritless Allegation That Is Groundless, And Lacks Adequate Discussion Of The Applicant's Claims To Be Considered By The Court, And It Is Their Request For The Denial Of Relief That Must Be Dismissed.

However, It Is The State's Next Assertion That Requires Full Consideration And Should Be Thoroughly Taken Into Account, Found On Pages 2 And 3 Of The Original Answer, "THE STATE IS UNABLE TO REFUTE THE ALLEGATIONS THAT APPELLATE COUNSEL DID NOT COMMUNICATE WITH THE APPLICANT, ADVISE HIM OF HIS RIGHTS OR PROVIDE HIM WITH A COPY OF THE APPELLATE BRIEF."

Factually, The Applicant Should Have To Provide No Further Basis In Order For The Honorable Court To Grant The Applicant All Relief Requested. But Unlike The State, Will Address Each Of Their Claims.

The State, Since It Has No Defense To The Applicant's

Honest Assertations Of Fact. Has To Resort To Question The Credibility Of The Applicant's Claim And The Honorable Court Has To Look No Further Than "Exhibit G" In The Original Application To See That Not Only Is His Claim Credible, But He Should Be Commended For His Compliance To The, Even Though It Is Errant, If Not Fraudulent, Faulty Legal Advice.

It Was Only Through A Group Of Concerned Christians Who Were Attempting To Answer Offender's Legitimate Legal Questions Was The Applicant Made Aware That Not Only Were His Rights Violated In 2004 - 2006, But The Facts Are His Rights Have Been In A Continual State Of Violation And Remain Being Violated Up To And Including 2015.

Not Only Does He Deserve To Have His Legitimate Claims And Issues Adequately Addressed In The Proper Jurisdiction Of The Appellate Courts, He Is Entitled To It By Law.

Therefore, The Applicant Respectfully Asks The Court To Disregard The State's Original Answer And Any Reply They Might Give, Disregard The Request To Deny Relief, And Grant The Applicant All Relief Requested And Entitled To, As Well As Any Further Relief The Court May Deem Necessary Or Applicable.

Respectfully Submitted,

Ronnie Barnett

Ronnie Boyd Barnett
TDCJ # 1258683
Diboll Correctional Center
1604 South First St.
Diboll, Texas 75941

Writ No. 17,499-A

Ex Parte

Ronnie Boyd Barnett
Applicant

In The 411th Judicial District
Court Of
Polk County, Texas

## Certificate Of Service

This Is To Certify That I, Ronnie Boyd Barnett, Tdcj # 1258683, Have Delivered To The Office Of The Criminal District Attorney Of Polk County Texas, Mr. William Lee Hon, Via U.S Mail, At 101 West Mill Street, Suite 247, Livingston, Texas, 77351, A True And Correct Copy Of The Applicant's Reply To State's Original Answer That Was Delivered To Him Via "Legal Mail" On The 4th Day Of May, 2015, And Have Executed This "Certificate Of Service" On This The 27th Day Of May, 2015.

Ronnie Barnett
Ronnie Boyd Barnett # 1258683
Diboll Correctional Center
1604 South First St.
Diboll, Texas 75941